```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
GUSTAVO BERMUDEZ,
                              :
           Plaintiff,              07 Civ. 9537 (HB)
                              :
      v.
                              :
CITY OF NEW YORK POLICE
DEPARTMENT AND THE UNITED     :
STATES DRUG ENFORCEMENT
ADMINISTRATION,               :

           Defendants.        :
------------------------------x
```

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY THE UNITED STATES
DRUG ENFORCEMENT ADMINISTRATION TO DISMISS THE COMPLAINT

 

MICHAEL J. GARCIA

United States Attorney for the
Southern District of New York

Attorney for the United States
of America.

SHARON E. FRASE
Assistant United States Attorney

- Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
GUSTAVO BERMUDEZ,
                              :
          Plaintiff,             07 Civ. 9537 (HB)
                              :
     v.
                              :
CITY OF NEW YORK POLICE
DEPARTMENT AND THE UNITED     :
STATES DRUG ENFORCEMENT
ADMINISTRATION,               :

          Defendants.         :
------------------------------x
```

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY THE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION'S TO DISMISS THE COMPLAINT

The United States Drug Enforcement Administration, by Michael Garcia, United States Attorney for the Southern District of New York, Sharon E. Frase, Assistant United States Attorney, of counsel (the "Government"), pursuant to Federal Rule of Civil Procedure Rules 12(b)(1) and 12(b)(6), respectfully submits this Memorandum of Law in support of the Government's motion to dismiss the above-captioned action by plaintiff Gustavo Bermudez. Bermudez brings this civil rights action pursuant to 42 U.S.C. § 1983 and 1988, alleging that his personal property, in the form of $123,565 in United States currency, was illegally seized and forfeited in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution. Named as defendants are the New York City Police Department ("NYPD") and the United States Drug Enforcement Administration ("DEA").

Bermudez seeks the return with interest of the $123,564.00, as well as other unspecified compensatory and punitive damages, costs and attorneys fees, and equitable relief.

## BACKGROUND

Congress has authorized the DEA, as part of the Comprehensive Drug Abuse Prevention and Control Act, Pub.L. 91-513, Title II, § 511, 84 Stat. 1276 (1970), to seize and forfeit any item of value furnished or intended to be furnished in exchange for a controlled substance, and all proceeds traceable to such an exchange.  See 21 U.S.C. § 881(a).  If the value of the seized property is less than $500,000, the DEA may proceed administratively.  See 19 U.S.C. § 1607.  The property at issue in this case was forfeited pursuant to the above-described statutory authority.

Construing the allegations in the complaint in the light most favorable to the plaintiff, the relevant facts are as follows.  Bermudez was in possession of $123,565 in United States Currency (the "Property") on July 18, 2006, when he was stopped in the Bronx, New York, by at least one law enforcement officer with the NYPD. Compl. ¶¶ 7(a)-(c). During the stop, the NYPD officer seized the Property.  Id. ¶ 7(d).  The NYPD subsequently turned the Property over to the DEA, but recorded the amount turned over as $122,985 – a discrepancy of $580.00 from the amount seized.  Id. ¶¶ 7(f)-(i).

Bermudez alleges that he sought the return of the Property from the NYPD. Id. ¶¶ 7(k), 8(a). Bermudez that he was not aware of the DEA's involvement in the seizure and forfeiture until March 9, 2007, when "the Plaintiff learned that the funds were transferred to the DEA." Id. ¶¶ 7(k)-(l), 8(a). Bermudez's attorney then called DEA agents who were "believed to be assigned to the matter" and wrote to the DEA in an attempt to learn whether administrative forfeiture proceedings had started. Id. ¶¶ 7(l)(i)-(ii). According to the complaint, the DEA did not respond to these requests for information. Id. ¶¶ 8(b)-(c). On May 3, 2007, Bermudez's attorney made a written demand for the return of the seized Property. Id. ¶¶ 7(l)(iii). The DEA denied the request on May 22, 2007. Id.

Bermudez alleges that at no time did he receive any notice of the forfeiture action from the DEA. Id. ¶ 8(e). He adds that his attempts to recover the Property were complicated by the "lack of proper [NYPD] voucher and invoice tickets for the property," id. ¶ 8(d), and by the inaccurate description of the Property in the DEA's newspaper publications, id. ¶ 8(f).

Bermudez claims that these actions by the defendants prevented him from properly filing a claim to contest the forfeiture of the Property. The plaintiff also asserts that his possession of the Property was lawful, and that there was no basis for the seizure of the funds. Id. ¶¶ 9-10. He now seeks

return of the Property, with interest from October 25, 2006, compensatory and punitive damages, costs and attorneys fees, and injunctive relief.

**ARGUMENT**

I. <u>The Complaint Fails to State a Claim Against the DEA</u>

Section 1983 provides a cause of action for the violation of constitutional due process rights by persons acting under color of state law.  <u>See</u> 42 U.S.C. § 1983.  No claim lies under § 1983, however, for due process violations made under color of federal law.  For such deprivations, <u>Bivens</u> provides the appropriate basis for a constitutional claim.  <u>See</u> <u>Bivens</u> v. <u>Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971); <u>Davis</u> v. <u>Passman</u>, 442 U.S. 228 (1979) (applying <u>Bivens</u> to claim under Due Process Clause of the Fifth Amendment).  The premise of Bermudez's <u>Bivens</u> claim against the DEA is that the agency deprived him of personal property without due process of law.

The plaintiff has failed to state a claim upon which relief may be granted.  The Supreme Court has declined to imply a <u>Bivens</u> action against federal agencies or federal agents acting in their official capacities.  <u>See</u> <u>F.D.I.C.</u> v. Meyer, 510 U.S. 471 (1994); <u>accord</u> <u>Steele</u> v. <u>Fed. Bureau of Prisons</u>, 355 F.3d 1204, 1214 (10th Cir. 2003) (holding that Bivens actions may not be filed against federal agencies or federal agents acting in their official capacities); <u>Rivera</u> v. <u>Riley</u>, 209 F.3d 24, 28 (1st

Cir. 2000) ("It is well settled that a <u>Bivens</u> action will not lie against an agency of the federal government."). Accordingly, the claims against the DEA should be dismissed.

II. <u>Bermudez Claim Fails to the Extent He Seeks to Set Aside the Administrative Forfeiture Based on Procedural Deficiencies</u>

To the extent Bermudez is permitted to proceed against the DEA in challenging the administrative forfeiture, this Court does not have jurisdiction to review the merits of the forfeiture. The Court's jurisdiction is limited to reviewing the adequacy of the notice given to the claimant of the procedure for filing a claim. <u>See</u> <u>Valderrama</u> v. <u>United States</u>, 417 F.3d 1189, 1196 (11th Cir. 2005) (claimant may not challenge the forfeitability of the property; he may only seek relief when the Government has failed to comply with the notice requirements); (De Sivo v. United States, 2006 WL 2620387, at *2 (N.D.N.Y. 2006) (same) (following <u>Valderrama</u>).

For actions commenced on or after August 23, 2000, review of a completed administrative forfeiture is governed by Title 18, United States Code, Section 983(e), enacted as part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub.L. No. 106-185, 114 Stat. 202. Section 983(s) is the exclusive remedy for a claimant seeking return of forfeited property based on lack of notice. 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture

5

statute."). Thus, a party seeking to challenge a nonjudicial forfeiture that falls within CAFRA's purview is limited to doing so under 18 U.S.C. § 983(e).

> Section 983(e) provides as follows:
>
> e) Motion to set aside forfeiture.-
> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
>> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
>
> (2)(A) Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.

18 U.S.C. § 983(e).  Simply stated, Bermudez must show both that the government did not take reasonable steps to provide notice,

and that Bermudez did not have reason to know of the seizure with sufficient time to file a timely claim. Bermudez can do neither, and his claim against the DEA therefore must fail. See Johnson v. United States, 2004 WL 2538649, at *2 (S.D. Ind. 2004) (under section 983(e), the claimant has the burden of showing both that the Government did not take reasonable steps to provide notice, and that he did not have reason to know of the seizure within sufficient time to file a timely claim).

    A.    <u>Notice</u>

Bermudez contends that he did not receive notice of the forfeiture action and that any published notice was inadequate. Compl. ¶¶ 8(e)-(f).  However, as evidenced by the accompanying Declaration of John Hieronymus and the annexed exhibits, the DEA did execute the proper forfeiture procedures.[1]  These procedures complied not only with the statutory notice requirements in 19 U.S.C. § 1607 and 18 U.S.C. § 983(a)(1), but also with constitutional standards of due process.

An administrative forfeiture is commenced by the publication of notice of the seizure for three successive weeks. <u>See</u> 19 U.S.C. § 1607; 21 C.F.R. § 1316 .75. The DEA must also send written notice of the seizure with information on the

---

[1] References to "Hieronymus Dec., ¶ __; Ex. __" are to the accompanying Declaration of John Hieronymus, Forfeiture Counsel of the Drug Enforcement Administration, dated November 7, 2007, and the exhibits attached thereto.

7

applicable procedures to each party who appears to have an interest in the seized property. 19 U.S.C. § 1607. Within twenty days after the first publication of the notice of seizure, a claimant who has received notice of intent to forfeit can contest the forfeiture by filing a claim with the DEA, together with a cost bond. See Boero v. Drug Enforcement Admin., 111 F.3d 301, 304 (2d Cir.1997); 19 U.S.C. § 1608. If no such claim is filed within the twenty days, then an administrative forfeiture occurs by default. 19 U.S.C. § 1609; 21 C.F.R. § 1316.77.

The Supreme Court set forth the standard for constitutional due process in Mullane v. Central Hanover Bank & Trust, Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. See also Dusenbery v. United States, 534 U.S. 161, 167 (2002)(applying the Mullane standard to notice of administrative forfeiture).

It is not necessary that the written notice actually be received.  See Dusenbery, 534 U.S. at 172-73 (under the Mullane standard, the method of sending notice must be reasonably calculated to provide actual notice to the potential claimant, but the Government is not required to prove that the claimant

actually received the notice); see also Weigner v. City of New York, 852 F.2d 646, 649 (2d Cir.1988) (holding actual notice is not required, so long as the government "acted reasonably in selecting means likely to inform persons affected").

On September 6, 2006, following a decision by DEA's Office of Chief Counsel that probable cause existed for the seizure of Bermudez's property, the DEA sent written notice of the seizure by certified mail, return receipt requested, to Gustavo Bermudez, 11 Market Street., Fitchburg, MA 01420-8117 See Hieronymus Dec. ¶¶4(a)-(b); Ex. 1. The notice was returned to the DEA stamped "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." See id., ¶4(b); Ex. 2.

On October 24, 2006, the DEA researched the address on two national databases: ATXPChoicePoint ("ChoicePoint") and Lexis, Nexis ("Lexis")). ChoicePoint and Lexis listed the following for Bermudez's current home address: A3 Calle 1, Bayamon, Puerto Rico 00957-4380. See id., ¶4(d); Ex. 2. On November 8, 2006, the DEA sent written notice of the seizure by certified mail, return receipt requested, to Bermudez at A3 Calle 1, Bayamon, Puerto Rico 00957-4380. See id., ¶4(e); Ex. 4. The notice was returned to the DEA stamped "RETURN TO SENDER, INSUFFICIENT ADDRESS." See id., ¶4(e); Ex. 5. The DEA again researched ChoicePoint and Lexis for Bermudez's address, and verified that the A3 Calle 1 address in Bayamon Puerto Rico, was

actually received the notice); see also Weigner v. City of New York, 852 F.2d 646, 649 (2d Cir.1988) (holding actual notice is not required, so long as the government "acted reasonably in selecting means likely to inform persons affected").

On September 6, 2006, following a decision by DEA's Office of Chief Counsel that probable cause existed for the seizure of Bermudez's property, the DEA sent written notice of the seizure by certified mail, return receipt requested, to Gustavo Bermudez, 11 Market Street., Fitchburg, MA 01420-8117 See Hieronymus Dec. ¶¶4(a)-(b); Ex. 1. The notice was returned to the DEA stamped "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." See id., ¶4(b); Ex. 2.

On October 24, 2006, the DEA researched the address on two national databases: ATXPChoicePoint ("ChoicePoint") and Lexis, Nexis ("Lexis")). ChoicePoint and Lexis listed the following for Bermudez's current home address: A3 Calle 1, Bayamon, Puerto Rico 00957-4380. See id., ¶4(d); Ex. 2. On November 8, 2006, the DEA sent written notice of the seizure by certified mail, return receipt requested, to Bermudez at A3 Calle 1, Bayamon, Puerto Rico 00957-4380. See id., ¶4(e); Ex. 4. The notice was returned to the DEA stamped "RETURN TO SENDER, INSUFFICIENT ADDRESS." See id., ¶4(e); Ex. 5. The DEA again researched ChoicePoint and Lexis for Bermudez's address, and verified that the A3 Calle 1 address in Bayamon Puerto Rico, was

the most current home address for Bermudez. See id., ¶4(f).

These two attempts at personal service are sufficient. Generally,"the government is not required to ensure actual receipt of notice that is properly mailed." Gonzalez v. United States, 1997 WL 278123, at *3 (S.D.N.Y. 1997); see also Valderrama, 417 F.3d at 1197 (reasonable notice does not require that the Government demonstrate that notice was received); Albajon v. Gugliotta, 72 F. Supp. 2d 1362, 1370 (S.D. Fla. 1999) (notice sent to various addresses on claimant's identification and mailed after claimant was released from jail sufficient to satisfy due process, even if claimant never received notice).

It is the case that is a notice is returned undelivered, the Government may have to take additional steps, but that is exactly what the DEA did when they mailed a second notice to Puerto Rico. In Jones v. Flowers, 547 U.S. 220 (2006), the Supreme Court recently held that the Government has an obligation to take additional steps to send notice to a property owner if it is aware that its first attempt to send notice by certified mail failed. 547 U.S. at 234. Nevertheless, the additional steps the Government must take are not onerous – the Court noted that simply looking up re-sending the notice by regular mail may be sufficient. Id. At 234-35. Here the DEA sent a second letter to Bermudez in Puerto Rico. Due process did not require the Government to track Bermudez to the ends of the

10

earth.  See Brown v. United States, 208 F. Supp. 2d 403, 406-07 (S.D.N.Y. 2002) notice mailed to residence where claimant's wife and children lived was adequate under Dusenbery, even though claimant himself had been deported to Jamaica).

Because personal service could not be effectuated, the government may satisfy due process with mere publication of a forfeiture notice when the government does not know or reasonably cannot discover the claimant's whereabouts. See Mullane, 339 U.S. at 317-319. "[E]mployment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." Id. at 317. Under 19 U.S.C. § 1607, which is made applicable by 18 U.S.C. § 981(d), notice of seizure and intent to forfeit is "to be published for at least three successive weeks in a manner as the Secretary of the Treasury may direct."

The DEA complied with this requirement as well.  On October 9, October 16 and October 23, 2006, pursuant to Title 19, Code of Federal Regulations, Section 1607(a), and Title 21, Code of Federal Regulations, Section 1316.75, the seizure of the Property was published in THE WALL STREET JOURNAL, a newspaper of general circulation in the Southern District of New York.  See Hieronymus Dec. ¶4(d); Ex. 3.  The published notices listed the DEA number (06-DEA-471937), the dollar amount of the seizure ($122,985.00 U.S. Currency), the location of the seizure (New

11

York, New York), the name of the person from whom the Property was seized (Gustavo Bermudez), and the date of seizure (07/18/06).  See id.

The DEA's notice by publication in the Wall Street Journal should be deemed sufficient to satisfy minimum due process requirements.  While "[n]otice by publication is not sufficient with respect to an individual whose name and address are known or easily ascertainable," Garcia v. Meza, 235 F.3d 287, 292 (7th Cir. 2000) (quoting Robinson v. Hanrahan, 409 U.S. 38, 40 (1972)), DEA was unable, on two separate occasions, to serve Bermudez by mail.

Bermudez's only argument with regard to notice by publication is, in essence, that because the dollar amount of the seized property reflected in the DEA's records was different from the dollar figure that he alleges was taken from him, the notices were inaccurate and therefore "unidentifiable and lacked actual notice."  Compl. ¶ 8(f).  This claim is belied by the notices themselves, which all three of which contain both Bermudez's name and the date of seizure, among other information.

Because the Government reasonably complied with the notice requirements set forth in 18 U.S.C. § 983, Bermudez's action to set aside the administrative forfeiture must be denied.

B. <u>Knowledge of the Seizure</u>

Bermudez does not appear to claim that he did not know

or have reason to know of the seizure with sufficient time to file a timely claim, as required by 18 U.S.C. § 983(e). Indeed he cannot so claim, as he was present during the seizure. Bermudez argues that he was unaware until after the deadline to file a claim with the DEA that the DEA was the agency in possession of the funds. However, the applicable statute pertains to the seizure itself, not knowledge of agencies in possession of the property after seizure.

       To succeed here, Bermudez must satisfy both requirements of § 983(e). He has failed to satisfy either. Accordingly, Bermudez's claim, to the extent it will be construed by the Court as a motion to set aside this administrative forfeiture, must be denied.

## CONCLUSION

       For the reasons stated above, the Government respectfully requests that the claims against the DEA be dismissed in their entirety.

Dated:      New York, NY
             February 5, 2008

                                    Respectfully submitted,

                                    MICHAEL J. GARCIA
                                    United States Attorney

                    By:      /s/_____
                          SHARON E. FRASE (SEF-4906)
                          Assistant United States Attorney

(212) 637-2329