AO 440 (Rev. 8/01) Summons in a Civil Action

2007-036724

# UNITED STATES DISTRICT COURT

07 CIV. 9537

Southern District of New York

GUSTAVO BERMUDEZ

V.

CITY OF NEW YORK POLICE DEPARTMENT AND THE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: **JUDGE BAER**

TO: (Name and address of Defendant)

City of New York Police Department
1 Police Plaza
New York, NY 10038

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Karen L. Mayer, Esq.
Philip Russell, LLC
66 Field Point Road
Greenwich, CT 06830

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. Michael McMahon
CLERK

CLERK

DATE OCT 2 5 2007

(By) DEPUTY CLERK

AO 440 (Rev 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______________________ ______________________________
Date *Signature of Server*

______________________________
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED OCT 2 - 2007 USDC SDNY

x-----------------------------------------------------------x

**GUSTAVO BERMUDEZ,**

**PLAINTIFF,**

**VS.**

**CITY OF NEW YORK POLICE DEPARTMENT AND THE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION,**

**DEFENDANTS.**

**CASE NO.**

**07 CIV. 9537**

JUDGE BAER

**OCTOBER 24, 2007**

x-----------------------------------------------------------x

**COMPLAINT**

Plaintiff, GUSTAVO BERMUDEZ, by his attorney, Karen L. Mayer, complaining of the defendant, alleges:

1. This is an action for the recovery of seized personal property and money damages against the Defendants. Jurisdiction is predicated upon 28 U.S.C. §§§ 1331, 1332, and 1367 and 42 U.S.C. §§ 1983 and 1988 and upon the pendent jurisdiction of this Court to entertain claims arising under state law.

2. Venue is proper in this district because it is where the original action arose when the City of New York Police Department (hereinafter "NYPD") seized property from the Plaintiff and where the division of the United States Drug Enforcement Administration (hereinafter "DEA"), who received the Plaintiff's property, is located and does business.

3. It is alleged that the NYPD and DEA unreasonably seized and forfeited the Plaintiff's property, thereby depriving him of his right to the property with due process of law or just compensation.

4. At the time of the commencement of the above entitled action, and at all times hereinafter mentioned, Plaintiff was and still is the owner and entitled to the immediate possession of certain United States Currency, to wit:

a) The Plaintiff shows actual standing, whereby under 21 U.S.C. § 881(a)(6), "no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner". The Plaintiff, being the owner of the currency, was in actual possession of the currency at the time of the seizure, had actual control and a financial stake in the currency.

b) The Plaintiff has an interest in the property and will be able to show that the money, which according to the DEA has already been administratively forfeited, belonged to him due to a business venture and therefore sufficient to establish standing. *United States v. $47,875 in United States Currency,* 746 F.2d 291 at 293 (5th Cir. 1984).

c) The Plaintiff has ownership of the property, never denied that the currency was his, and was in dominion and control of the currency during the seizure.

5. The value of the aforesaid chattel is ONE HUNDRED TWENTY-THREE THOUSAND FIVE HUNDRED SIXTY-FIVE AND 00/100 DOLLARS ($123,565.00) in United States Currency.

6.      Upon information and belief, the Defendant DEA is in the possession of the aforesaid chattel and continues to wrongfully retain it.

7.      The retention of the chattel by the Defendant is wrongful and the reversal of said purported forfeiture should be granted whereby:

      a)   On July 18, 2006, the Plaintiff, Gustavo Bermudez, was in possession of $123,565.00 in United States Currency, which he had received from his work in the Dominican Republic.

      b)   The Plaintiff is the owner of said United States Currency. Until the incident on July 18, 2006, he had never been questioned about this money.

      c)   On July 18, 2006, the Plaintiff was passing through the Bronx, New York, at which time the Plaintiff was confronted by NYPD Sergeant Crowley, who at all times mentioned herein was acting under color of law. Sergeant Crowley searched the Plaintiff's person without reason or cause.

      d)   Sergeant Crowley, without justification or cause, seized the sum $123,565.00 of United States Currency from the Plaintiff. The NYPD issued a Property Clerk's Invoice at the time the currency was confiscated which detailed the quantity of each type of United States Currency, totaling $123,565.00. The Property Clerk's Invoice is attached heretofore as Exhibit A.

      e)   The Plaintiff was not arrested and no charges were ever filed against the Plaintiff subsequent to the confiscation of said $123,565.00 in United States Currency by the NYPD.

      f)   Said $123,565.00, which was seized by agents of the NYPD, was, upon information and belief, then secretly furnished to the DEA.

g) Following the complaint and demand of the Plaintiff, the NYPD instituted a case number, NYCPD-IAB; 06DEA971937, which was assigned on March 9, 2007 to Captain Miller.

h) Upon information and belief, a receipt for the confiscated currency was issued by the NYPD, on behalf of the DEA, in the amount of ONE HUNDRED TWENTY-TWO THOUSAND NINE HUNDRED EIGHTY-FIVE AND 00/100 DOLLARS ($122,985.00). This represents a FIVE HUNDRED EIGHTY AND 00/100 DOLLARS ($580.00) discrepancy from the original New York Police Department Property Clerk's Invoice. Furthermore, the receipt was not an official voucher, but rather a "whited out" New York Police Department Voucher. A copy of the unofficial voucher issued by the DEA is attached heretofore as Exhibit B.

i) Upon information and belief, the currency was issued a Yellow Tag, numbered 0003617, and a blue moneybag under file number C1-06-0121 for the Overnight Vault.

j) Upon information and belief, the tagged money subsequently was brought to an Asset Forfeiture Account in White Plains, NY and deposited into account number 3752197200.

k) The Plaintiff never received any official notice of forfeiture from the DEA nor was he given the opportunity to be heard or recover the currency. Instead, the Plaintiff continued to demand redress from the NYPD, whose name the defendants prominently displayed on all paperwork furnished to the Plaintiff.

l) It was only on March 9, 2007 that the Plaintiff learned that the funds were transferred to the DEA, at which point, Plaintiff, through his counsel, did the

following:

    i. Placed several telephone calls to the agents of the DEA, believed to be assigned to the matter, in an effort to obtain the required information necessary to make a formal demand for the return of the seized funds;

    ii. On April 16, 2007, a written inquiry was made requesting information on whether administrative forfeiture proceedings had been commenced. The DEA neither furnished any of the requested nor responded to said request.

    iii. On May 3, 2007, written demand was made for the return of the seized funds from the DEA. Said request was denied on May 22, 2007.

8. This action should not be time barred, due to the lack of response from both the NYPD and the DEA regarding the forfeited currency, to wit:

    a) Prior to the commencement of this action, and on or about October 25, 2006, plaintiff duly demanded the possession of the aforesaid chattel from the defendant NYPD.

    b) The DEA continually ignored the requests made by the Plaintiff to recover the forfeited currency.

    c) All attempts made by the Plaintiff to recover the forfeited currency were to avail as a result of the DEA's deliberate and continual refusal to supply any information with regard to the seizure and/or forfeiture.

    d) In addition, any attempts made by the Plaintiff to recover the forfeited currency were to no avail due to the lack of proper voucher and invoice tickets for the property.

    e) The Plaintiff never received notice of the forfeiture action from the DEA, nor was

any other action taken by the DEA to notify the Plaintiff. *U.S. v Various Parcels of Real Property*, 650 F.Supp. 62, 64 n.2 (N.D. Ind. 1986) See *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1545 (11th Cir.1987).

f) Any publication of the forfeiture in the Wall Street Journal was inaccurate due to the difference in currency amounts on the improper voucher furnished to the Plaintiff, and therefore was unidentifiable and lacked actual notice.

g) The courts have continually excused the late filing or extended time of a forfeiture action if an attempt was made in good faith to file a claim. *United States v. Articles of Hazardous Substances*, 444 F.Supp. 1260 at 1263 (M.D.N.C.), *modified*, 588 F.2d 39 (4th Cir. 1978); or relied detrimentally on misinformation provided by a federal agency, *United States v. One 1979 Oldsmobile-Cutlass Supreme*, 589 F. Supp. 477 at 478 (N.D.Ga. 1984).

h) It is in the court's discretion to allow an extension to file a claim in a case of good faith attempts and misinformation.

9. Since the seizure of the funds, no criminal actions have been commenced against the Defendant to date, thereby creating no reason for the continued possession of the Plaintiff's currency.

10. Due to the lack of criminal activity and liability that was found, the seized funds should be returned to the plaintiff, who at all times lawfully possessed these funds.

**WHEREFORE,** plaintiff demands judgment against the defendants and an order adjudging that the plaintiff is the owner of the seized funds and is entitled to their immediate possession, and that the currency be delivered to the plaintiff, and if possession thereof cannot be given to the plaintiff, that the plaintiff have judgment against the defendant awarding:

i. ONE HUNDRED TWENTY-THREE THOUSAND FIVE HUNDRED SIXTY-FIVE AND 00/100 DOLLARS ($123,565.00) with interest thereon from October 25, 2006;

ii. Compensatory damages;

iii. Punitive damages pursuant to 42 U.S.C. §1988;

iv. Costs and Attorney's Fees pursuant to 28 U.S.C. §2465(b)(1)(A), 28 U.S.C. 2412(d) and/or 42 U.S.C. §1988;

v. Interest;

vi. Costs;

vii. Injunctive relief; and

viii. Such other, further and different relief as this court may deem proper and just.

THE PLAINTIFF
GUSTAVO BERMUDEZ

By Karen L. Mayer
Karen L. Mayer, Esq.
Philip Russell, LLC
66 Field Point Road
Greenwich, CT 06830
(203) 661-4200
Federal Juris No. KM6555

04/12/2007 13:57 2033350507 LAWOFFICES PAGE 05/05

212 741 8408

# PROPERTY CLERK'S INVOICE

PD 521-141 (Rev 5/01)-Pent

*Check only one of the below categories.*

☐ ARREST EVIDENCE ☐ DECEDENT'S PROPERTY ☐ FOUND PROPERTY

☐ INVESTIGATORY ☐ PEDDLER PROPERTY ☒ OTHER Forfeiture

DATE PREPARED: 07/18/06 YR 2006 - PCT. 050

Arresting/Assigned Officer: Sgt. Crawley | Rank: Sgt. | Shield No.: 945 | Tax Reg. No.: 914736 | Command: S/C

Prisoner's Last Name: Bermudez | First: Gustavo A. | Age: 24 | Address (Include City, State, Zip Code, Apt): 11 Fitchburg Market St. MA | No. of Prisoners: 01 | Acc./Aided #

Date of Arrest: 07/18/06 | Arrest No. | Charge/Offense Under Investigation: Investigation | Fel ☐ Misd ☐ J.D ☐ Viol. ☐ | Complaint No.

Finder of Property: A/O | Address (Include City, State, Zip Code, Apt.): 1 Police Plaza | Telephone No.

Owner's Name (See Instructions): DEFT. | Address (Include City, State, Zip Code, Apt.) | Telephone No.

Complainant's Name: PSNY | Address (Include City, State, Zip Code, Apt.) | Telephone No.

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | | (For Property Clerk's Use Only) DISPOSITION AND DATE |
|---|---|---|---|---|---|
| 01 | 344 | one hundred dollar bills | 34000 | 00 | |
| 02 | 307 | fifty dollar bills | 15200 | 00 | |
| 03 | 3605 | twenty dollar bills | 72,100 | 00 | |
| 04 | 150 | ten dollar | 1500 | 00 | |
| 05 | 60 | five dollar bills | 300 | 00 | |
| 06 | 65 | one dollar bills | 65 | 00 | |
| | | TOTAL | 123,165.00 | | |

Additional Invoice Nos. Related to This Case Including Motor Vehicles: N008323

R.T.O. Owner/Claimant's – Signature Date Time

Pink Receipt Copy of Voucher Issued ☐ Yes ☐ Refused

Property Clerk Storage Location

REMARKS: *Briefly explain why the property was taken into custody (see instructions on BACK OF BLUE COPY).*

The above propety was taken into police custody for asset forfeiture.

RECOVERED FROM-BERMUDEZ GUASTAVO

Rank And Signature of Desk Officer | Tax No. | Signature of Arresting/Assigned Officer: Sgt [signature] | Boro Storage No.

PROPERTY ON THIS VOUCHER DELIVERED TO PROPERTY CLERK'S OFFICE BY: | Rank | Name | Command

Property Clerk's Signature

PHILIP PUSCEL PAGE

MAR-09-2007 11:49 IAB FIELD SERVICES 718 492 6678 P.02

CI-06-021
N-1

DEPOSIT SLIP

SEIZED CURRENCY

1000 Dollar Bills
#____ $ ____

500 Dollar Bills
#____ $ ____

100 Dollar Bills
514 51,400

50 Dollar Bills
157 7850

20 Dollar Bills
3077 61,540

10 Dollar Bills
182 1820

5 Dollar Bills
66 330

1 Dollar Bills
45 $ 45

Date: ____

TOTAL DEPOSIT:

123,985

C1-06-0121

N-1

DEPOSIT SLIP

SEIZED CURRENCY

100 Dollar Bills

514 51,400

50 Dollar Bills

157 7850

20 Dollar Bills

3077 61540

10 Dollar Bills

182 1820

5 Dollar Bills

66 330

1 Dollar Bills

45 45

Date: __________

TOTAL DEPOSIT:

122,985