UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

GUSTAVO BERMUDEZ,

                                  Plaintiff,

        -against-

CITY OF NEW YORK POLICE DEPARTMENT AND
THE UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION,

                                  Defendants.

**ANSWER OF DEFENDANT NEW YORK CITY POLICE DEPARTMENT TO PLAINTIFF'S COMPLAINT**

07 Civ. 9537 (HB)

Jury Trial Demanded

------------------------------------------------------------------ x

      Defendant New York City Police Department by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

      1.    Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein and admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

      2.    Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to base venue as stated therein and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions and location of the U.S. Drug Enforcement Agency ("DEA").

      3.    Denies the allegations set forth in paragraph "3" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the DEA.

4. States that the allegations set forth in paragraph "4" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent that a response is required, defendant denies the allegations set forth in paragraph "4" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff was the owner of the currency.

    a) States that the allegations set forth in paragraph "4(a)" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent that a response is required, defendant denies all such allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's purported interest in the currency at the time of the seizure.

    b) States that the allegations set forth in paragraph "4(b)" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent that a response is required, defendant denies all such allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported representations made by the DEA.

    c) States that the allegations set forth in paragraph "4(c)" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent that a response is required, defendant denies all such allegations, except denies

knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff ever denied that the currency was his and whether the currency was in his dominion and control at the time of the seizure.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint.

   a) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7(a)" of the Complaint.

   b) Denies the allegations set forth in paragraph "7(b)" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported lack of questioning of plaintiff.

   c) Denies the allegations set forth in paragraph "7(c)" of the Complaint.

   d) Denies the allegations set forth in paragraph "7(d)" of the Complaint.

   e) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7(e)" of the Complaint.

   f) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7(f)" of the Complaint.

   g) Denies the allegations set forth in paragraph "7(g)" of the Complaint.

    h) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7(h)" of the Complaint.

    i) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7(i)" of the Complaint.

    j) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7(j)" of the Complaint.

    k) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7(k)" of the Complaint.

    l) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7(l)" of the Complaint and its subparts.

8. States that the allegations set forth in paragraph "8" of the Complaint are conclusions of law rather than averments of fact to which no response is required.

    a) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8(a)" of the Complaint.

    b) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8(b)" of the Complaint.

    c) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8(c)" of the Complaint.

    d) Denies the allegations set forth in paragraph "8(d)" of the Complaint.

    e) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8(e)" of the Complaint.

    f) Denies the allegations set forth in paragraph "8(f)" of the Complaint.

g) States that the allegations set forth in paragraph "8(g)" of the Complaint are conclusions of law rather than averments of fact to which no response is required.

h) States that the allegations set forth in paragraph "8(h)" of the Complaint are conclusions of law rather than averments of fact to which no response is required.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported absence of criminal actions brought against plaintiff.

10. Denies the allegations set forth in paragraph "10" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

11. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

12. Defendant New York City Police Department has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

13. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant New York City Police Department.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

14. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

15.     The New York City Police Department is a non-suable entity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

16.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

17.     To the extent that the Complaint alleges any claims against the New York City Police Department arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

18.     Plaintiff cannot obtain punitive damages as against the New York City Police Department.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

19.     At all times relevant to the acts alleged in the Complaint, defendant New York City Police Department acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

20.     There was probable cause to seize any currency now claimed by plaintiff.

**WHEREFORE**, defendant New York City Police Department requests judgment dismissing the Complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 22, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendant New York City Police Department
100 Church Street
New York, New York 10007
(212) 788-8084

By: *[signature]*
David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

To: **BY FIRST CLASS MAIL**
Karen L. Mayer, Esq.
Philip Russell, LLC
66 Field Point Road
Greenwich, CT 06830

Docket No.: 07 Civ. 9537 (HB)

| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

GUSTAVO BERMUDEZ,

                                            Plaintiff,

-against-

CITY OF NEW YORK POLICE DEPARTMENT AND THE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION,

                                            Defendants.

**ANSWER TO COMPLAINT BY DEFENDANT NEW YORK CITY POLICE DEPARTMENT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant New York City Police Department*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: David M. Hazan*
*Tel: (212) 788-8084*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................,2008.*

*................................................................ Esq.*

*Attorney for ........................................................*

- 8 -