

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DAVID M. HAZAN<br>Phone: (212) 788-8084<br>Fax: (212) 788-9776<br>dhazan@law.nyc.gov |

February 7, 2008

VIA FACSIMILE (203) 661-3666
Karen L. Mayer, Esq.
Philip Russell, LLC
66 Field Point Road
Greenwich, Connecticut 06830

Re: Gustavo Bermudez v. City of New York Police Department et al., 07 Civ. 9537 (HB)

Dear Ms. Mayer:

I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant New York City Police Department ("NYPD") in the above-captioned civil action. I write, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure, to allow plaintiff Gustavo Bermudez an opportunity to withdraw his complaint against the NYPD, or otherwise respond to this letter by February 29, 2009. If plaintiff fails to do so, defendant NYPD intends to ask the Court for sanctions and costs under Rule 11 for the reasons set forth below.

A pleading violates Rule 11 where "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law..." See Jacques v. Dimarzio, 216 F. Supp. 2d 139, 143 (E.D.N.Y. 2002); FED. R. CIV. P. 11(b) (submitting papers to the court certifies that after reasonable inquiry, *inter alia*, allegation/factual contentions have evidentiary support or are likely to... claims... are warranted by existing law or by nonfrivolous argument for extension); see, e.g., Mover's & Warehouseman's Ass'n of Greater New York, 1999 U.S. Dist. LEXIS 20667 *24-*25 (E.D.N.Y. Dec. 27, 1999)(when it is objectively obvious that plaintiff's counsel engaged in little or no preliminary factual and legal investigation before filing a pleading, sanctions are warranted). Sanctions are appropriate "if it is clear there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands." Gambello v. Time Warner Communs., Inc., 186 F. Supp. 2d 209, 229 (E.D.N.Y. 2002); Eastway Construction Corp., v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985). In the instant case, a reasonable inquiry by plaintiff would

have revealed that based upon clearly established case-law, plaintiff cannot succeed with his claims against defendant NYPD. Therefore, should plaintiff refuse to withdraw his claims against defendant NYPD on or before February 29, 2009, defendants intend to file a motion to dismiss plaintiff's Complaint. Additionally defendants intend to ask the Court to sanction plaintiff for the costs and attorneys fees incurred by defendant NYPD in writing the motion.

Plaintiff's complaint alleges that the NYPD and the DEA unreasonably seized and forfeited his property, violating his Fourteenth Amendment Rights. However, it is clear from the underlying facts pled in the Complaint that the DEA, not the NYPD possesses the disputed property and initiated forfeiture proceedings related to the property. The NYPD played absolutely no role in a Fourteenth Amendment violation. According to the motion papers submitted by the DEA and according to plaintiff's complaint, the NYPD had no involvement in the forfeiture proceedings. Plaintiff alleges that the NYPD's involvement in the underlying incident consisted of seizing the property and transferring the property to the DEA. However, plaintiff cannot bring a lawsuit pursuant to 42 U.S.C. § 1983 against a party for the illegal seizure of property because the proper remedies for an illegal seizure are either (1) exclusion of the evidence in a criminal case; or (2) the return of the property through proper administrative and forfeiture hearings. Townes v. City of New York, 176 F.3d 138 (2d Cir. 1999); United States v. Calandra, 414 U.S. 338 (1974); United States v. Peltier, 422 U.S. 531, 536-39 (1975). Additionally, it is settled that where property declared by a federal statute to be forfeited because used in violation of federal law is seized by a local entity, the United States may adopt the seizure with the same effects if it had originally made the seizure. See United States v. One Ford Coupe Automobile, 272 U.S. 321 (1926); United States v. Eight Boxes, etc., 105 F.2d 896 (2d Cir. 1939); United States v. $ 490,920 in United States Currency, 911 F. Supp. 720, 727 (S.D.N.Y. 1996). In the instant case, the NYPD transferred the property in question to the United States Government because there was probable cause to believe that the money was used in violation of federal law. Thus, the transfer of the funds from the NYPD to the DEA was not in violation of the United States Constitution. For these reasons, plaintiff should have known prior to commencing this lawsuit that he did not have a good faith basis to bring claims against defendant NYPD.

Accordingly, if not voluntarily dismissed, defendant NYPD intends to move to dismiss and ask for other appropriate relief, including Rule 11 sanctions. NYPD asks that plaintiff voluntarily withdraw his claims against it, with prejudice, by February 29, 2008. If plaintiff fails to do so, NYPD intends to move for sanctions and costs under Rule 11 for failing to conduct a reasonable inquiry concerning the allegations in the complaint and proceeding with claims that have no chance of success under the controlling case-law and circumstances.

Yours truly,

David M. Hazan
Assistant Corporation Counsel
Special Federal Litigation Division