Docket No. 07 Civ. 9537 (HB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUSTAVO BERMUDEZ,

Plaintiff,

-against-

CITY OF NEW YORK POLICE DEPARTMENT AND
THE UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION,

Defendants.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant New York City Police*
*Department*
*100 Church Street*
*New York, N.Y. 10007*

Of Counsel: DAVID M. HAZAN
Tel: (212) 788-8084

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

RULE 12(c) STANDARD FOR DISMISSAL ........................................................................... 3

ARGUMENT

      POINT I

           PLAINTIFF'S CLAIMS AGAINST THE NYPD
           SHOULD BE DISMISSED BECAUSE IT IS A NON-
           SUABLE ENTITY ................................................................................................ 5

      POINT II

           PLAINTIFF FAILS TO STATE A CLAIM THAT THE
           NYPD VIOLATED HIS FOURTEENTH AMENDMENT
           RIGHT TO DUE PROCESS. .............................................................................. 6

      Point III

           SANCTIONS ARE APPROPRIATE PURSUANT TO
           RULE 11 OF THE FEDERAL RULES OF CIVIL
           PROCEDURE, 28 U.S.C. § 1927, AND THE DISTRICT
           COURT'S INHERENT POWER ........................................................................ 10

           A.    Plaintiff's Counsel Should Be Sanctioned
                  Pursuant to Rule 11 of the Federal Rules of
                  Civil Procedure ............................................................................ 10

           B.    Plaintiff's Counsel Should Be Sanctioned
                    for the Independent Reasons Contemplated
                  by 28 U.S.C. § 1927 ..................................................................... 12

           C.    Plaintiff's Counsel Should be Sanctioned
                    Pursuant to the District Court's Inherent
                    Power ............................................................................................ 13

CONCLUSION............................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

Adams v. Galletta,
    966 F. Supp. 210 (S.D.N.Y. 1997) .................................................6

Alyeska Pipeline Serv. v. Wilderness Soc'y,
    421 U.S. 240 (1975)..........................................................12, 13

Baily v. New York City Police Dep't,
    910 F. Supp. 116 (E.D.N.Y. 1996) .......................................6

Bell Atlantic Corp. v. Twombly
    127 S.Ct. 1955 (2007)...........................................................4

Bd. Of County Comm'rs of Bryan County v. Brown,
    520 U.S. 397 (1997)..............................................................5

Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,
    403 U.S. 388 (1971).............................................................7

Boero v. Drug Enforcement Admin.,
    111 F.3d 301 (2d Cir. 1997)..................................................7

Bowen v. Massachusetts,
    487 U.S. 879 (1988).............................................................8

Casper v. Lew Lieberman & Co.,
    No. 97 Civ. 3016 (JGK),
    1998 U.S. Dist. LEXIS 4063 (S.D.N.Y. Mar. 31, 1998) ...........3

Chambers v. NASCO,
    501 U.S. 32 (1991)...............................................................13

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)..................................................4

Conley v. Gibson,
    355 U.S. 41 (1957)...............................................................3

Conopco, Inc. v. Roll Int'l,
    231 F.3d 82 (2d Cir. 2000)....................................................4

Cooter & Gell v. Hartmarx Corp.,
    496 U.S. 384 (1990).............................................................11

**Cases**                                                                                          **Page**

Crocker v. United States,
    125 F.3d 1475 (Fed. Cir. 1997)............................................................................8

Davidson v. Flynn,
    32 F.3d 27 (2d Cir. 1994)...................................................................................3

Dodge v. United States,
    272 U.S. 530 (U.S. 1926)...................................................................................9

Dove v. Fordham Univ.,
    56 F. Supp. 2d 330 (S.D.N.Y. 1999)..................................................................5

Elec. Communications Corp. v. Toshiba America Consumer Prods., Inc.,
    129 F.3d 240 (2d. Cir. 1997)..............................................................................3

Furlong, M.D. v. Long Island College Hosp.,
    710 F.2d 922 (2d Cir. 1983)..............................................................................4

Gant v. Wallingford Bd. of Educ.,
    69 F.3d 669 (2d Cir. 1995)................................................................................4

Goldman v. Belden,
    754 F.2d 1059 (2d Cir. 1985).............................................................................3

Grandon v. Merrill Lynch & Co.,
147 F.3d 184 (2d Cir. 1998)...................................................................................3

Hayes v. O'Connor,
    03 Civ. 1371 (SHS),
    2004 U.S. Dist. LEXIS 20640 (S.D.N.Y. Oct. 14, 2004) ..................................5

Int'l Audiotext Network, Inc. v. AT&T Co.,
    62 F.3d 69 (2d Cir. 1995)..................................................................................4

Johnson v. P.O. #17969,
    No. 99 Civ. 3964 (NRB),
    2000 U.S. Dist. LEXIS 18521 (S.D.N.Y. Dec. 26, 2000) .........................................4

MAI Photo News Agency v. American Broadcasting,
    No. 97 Civ. 8908 (WK),
    2001 U.S. Dist. LEXIS 1680 (S.D.N.Y. Feb. 22, 2001)...................................11

Madonna v. United States,
    878 F.2d 62 (2d Cir. 1989).................................................................................3

Margo v. Weiss,
    213 F.3d 55 (2d Cir. 2000)...............................................................................10

**Cases**                                                                 **Page**

Marshall Leasing, Inc. v. United States,
    893 F.2d 1096 (9th Cir. 1990) ....................................................................8

Martin v. New York State Dep't of Mental Hygiene,
    588 F.2d 371 (2d Cir. 1978).........................................................................4

Monell v. Dep't of Soc. Servs.,
    436 U.S. 658 (1978)......................................................................................5

Patterson v. County of Oneida,
    375 F.3d 206 (2d Cir. 2004).........................................................................5

Polanco v. U.S. Drug Enforcement Agency,
    158 F.3d 647 (2d Cir. 1998).....................................................................7, 8

Rossi v. New York City Police Dep't,
    No. 94 Civ. 5113 (JFK),
    1998 U.S. Dist. LEXIS 1717 (S.D.N.Y. Feb. 17, 1998) ............................6

Safe-Strap v. Koala Corp.,
    270 F. Supp. 2d 407 (S.D.N.Y. 2003).......................................................10

Saltz v. City of New York,
    129 F. Supp. 2d 642 (S.D.N.Y. 2001).......................................................11

Samuels v. Air Transp. Local 504,
    992 F.2d 12 (2d Cir. 1993)...........................................................................4

Sheridan v. Dubow,
    No. 92 Civ. 6024 (LJF),
    1993 U.S. Dist. LEXIS 12197 (S.D.N.Y. Aug. 30, 1993) ........................5

Simon DeBartolo Group v. Richard E. Jacobs Group,
    186 F.3d 157 (2d Cir. 1999).......................................................................11

Staron v. McDonald's Corp.,
    51 F.3d 353 (2d Cir. 1995)...........................................................................3

Stewart Park & Reserve Coalition v. Slater,
    352 F.3d 545 (2d Cir. 2003).......................................................................12

United States v. $ 490,920 in United States Currency,
    911 F. Supp. 720 (S.D.N.Y. 1996) ..............................................................9

United States v. Eight Boxes, etc.,
    105 F.2d 896 (2d Cir. 1939).........................................................................9

United States v. International Bhd. of Teamsters,
    948 F.2d 1338 (2d Cir. 1991)................................................10, 11, 12, 13, 14

**Cases**                                                                                                    **Page**

United States v. One Ford Coupe Auto.,
   272 U.S. 321 (U.S. 1926)..................................................................................................9

Vasquez v. City of New York,
   No. 99 Civ. 4606 (DC),
   2000 U.S. Dist. LEXIS 8887 (S.D.N.Y. June 29, 2000)............................................4

Wechsler v. Hunt Health Sys.,
   216 F. Supp. 2d 347 (S.D.N.Y. 2002)....................................................................10

Weng v. United States,
   137 F.3d 709 (2d Cir. 1998)...................................................................................7

Wyatt v. Cole,
   504 U.S. 158 (1992)...............................................................................................8

**Statutes**

42 U.S.C. § 1983...................................................................................1, 2, 5, 6, 7, 8, 9

28 U.S.C. § 1927.......................................................................................10, 12, 13

Fed. R. Civ. P. 11.....................................................................................1, 2, 10, 11, 12

Fed. R. Civ. P. 12(b) .........................................................................................4, 5

Fed. R. Civ. P. 12(c) ..................................................................................1, 3, 4, 5

New York City Charter, Chapter 16 § 396 ..............................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GUSTAVO BERMUDEZ,

                                        Plaintiff,

        -against-                                           07 Civ. 9537 (HB)

CITY OF NEW YORK POLICE DEPARTMENT AND
THE UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION,

                                        Defendants.
------------------------------------------------------------------------X

### DEFENDANT NEW YORK CITY POLICE DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

#### Preliminary Statement

Plaintiff Gustavo Bermudez brings this action pursuant to 42 U.S.C. § 1983, alleging that he was deprived of his property without due process, by the New York City Police Department ("NYPD") and the United States Drug Enforcement Agency ("DEA"). See Compl. at ¶¶ 1, 3, annexed to Hazan's Decl. as Exhibit "A." Specifically, plaintiff alleges that defendants NYPD and DEA "unreasonably seized and forfeited the Plaintiff's property, thereby depriving him of his right to the property with due process of law or just compensation." Id at ¶ 3.

Defendant NYPD moves to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that: (1) the NYPD is a nonsuable entity; and (2) plaintiff fails to state a claim against defendant NYPD pursuant to 42 U.S.C. § 1983. Further, should defendant NYPD prevail on its motion to dismiss plaintiff's Complaint, defendant respectfully requests permission to move for sanctions and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that plaintiff failed to conduct a reasonable

1

inquiry concerning the allegations in the Complaint and proceeded with claims that have no chance of success under the controlling case-law.

## STATEMENT OF FACTS

Plaintiff Gustavo Bermudez brings this action pursuant to 42 U.S.C. § 1983, alleging that he was deprived of his property without due process, by the NYPD and the DEA. See Compl. at ¶¶ 1, 3, annexed to Hazan's Decl. as Exhibit "A." Specifically, plaintiff alleges that defendants NYPD and DEA "unreasonably seized and forfeited the Plaintiff's property, thereby depriving him of his right to the property with due process of law or just compensation." Id at ¶ 3.

Plaintiff claims that One Hundred Twenty-Three Thousand Five Hundred Sixty Five Dollars ($123,565.00) in United States Currency, belonging to him, was administratively forfeited by the DEA. Id. at ¶¶ 4, 5. Moreover, plaintiff alleges that the DEA is presently in possession of the currency that was seized and forfeited. Id. at ¶ 6. Plaintiff claims that the retention of the property by the DEA is wrongful and a reversal of the forfeiture should be granted. Id. at ¶ 7. Plaintiff alleges that one reason why the forfeiture should be reversed is because the NYPD did not inform plaintiff, in a timely fashion, that the money was transferred to the DEA for forfeiture. Id. at ¶ 8.

On January 22, 2008, defendant NYPD filed its Answer to plaintiff's Complaint. See Answer, annexed to Hazan's Decl. as Exhibit "B." Upon reviewing plaintiff's Complaint, defendants concluded that the Complaint fails to state a claim against defendant NYPD. Therefore, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure, defendant NYPD sent a letter to plaintiff, dated February 7, 2008, wherein it advised plaintiff that (1) there was no legal basis for plaintiff's claims against defendant NYPD; and (2) that if plaintiff did not withdraw his claims against the NYPD, defendant would move to dismiss his Complaint and

2

seek sanctions against counsel for all costs and fees associated with making said motion. See Letter, dated February 7, 2008, annexed to Hazan's Decl. as Exhibit "C." Counsel for plaintiff advised defendant that plaintiff would not withdraw his claims against defendant NYPD and further stated in a conclusory manner that plaintiff asserts valid Fourteenth Amendment claims against defendant NYPD.

## RULE 12(c) STANDARD FOR DISMISSAL

Defendant NYPD moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The test for evaluating a Fed. R. Civ. P. 12(c) motion is the same test applicable to a motion to dismiss under Fed. R. Civ. P. 12 (b)(6). The court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994) (citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989)); Casper v. Lew Lieberman & Co., No. 97 Civ. 3016 (JGK), 1998 U.S. Dist. LEXIS 4063, at *3 (S.D.N.Y. Mar. 31, 1998).

Further, the Court's function on a motion to dismiss "is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Casper, 1998 U.S. Dist. LEXIS 4063, at *4 (quoting Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985)). A court should dismiss a claim pursuant to Federal Rule of Civil Procedure 12(c) when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The rule "does not permit conclusory statements to substitute for minimally sufficient factual allegations." Elec. Communications Corp. v. Toshiba America Consumer Prods., Inc., 129 F.3d 240, 243 (2d. Cir.

1997) (quoting Furlong, M.D. v. Long Island College Hosp., 710 F.2d 922, 928 (2d Cir. 1983));
see also Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) ("a complaint
consisting of nothing more than naked assertions, and setting forth no facts upon which a court
could find violation … fails to state a claim") (citing Martin v. New York State Dep't of Mental
Hygiene, 588 F.2d 371, 372 (2d Cir. 1978); Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955
(2007). Furthermore, a motion under Rule 12(c) should be granted if an affirmative defense, or
other reason barring relief, is apparent from the face of the complaint. Conopco, Inc. v. Roll
Int'l, 231 F.3d 82, 86-87 (2d Cir. 2000).

In deciding such a motion, a court should consider "the facts alleged in the pleadings,
documents attached as exhibits or incorporated by reference in the pleadings and matters of
which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir.
1993); Int'l Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam).
For purposes of dismissal, the complaint "is deemed to include any written instrument attached
to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v.
Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting Int'l Audiotext, 62 F.3d at 72).
"Even where a document is not incorporated by reference, the court may nevertheless consider it
where the complaint 'relies heavily upon its terms and effect,' which renders the document
'integral' to the complaint." Chambers, 282 F.3d at 153 (internal citations omitted). In addition,
"it is well established that a district court may rely on matters of public record in deciding a
motion to dismiss under Rule 12(b)(6)," including arrest reports, criminal complaints,
indictments, and criminal disposition data. Vasquez v. City of New York, No. 99 Civ. 4606
(DC), 2000 U.S. Dist. LEXIS 8887, at *2 n.1 (S.D.N.Y. June 29, 2000) (citations omitted); see
also Johnson v. P.O. #17969, No. 99 Civ. 3964 (NRB), 2000 U.S. Dist. LEXIS 18521, at *4

(S.D.N.Y. Dec. 26, 2000) (court may consider any matter of which it could take judicial notice under the Federal Rule of Evidence 201).

Moreover, on a 12(c) motion, if "matters outside the pleading are presented to and not excluded by the court," the court may sua sponte convert the motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b); see also Sheridan v. Dubow, No. 92 Civ. 6024 (LJF), 1993 U.S. Dist. LEXIS 12197, at *2 (S.D.N.Y. Aug. 30, 1993) (wherein court converted a motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure into a motion for summary judgment).

Here, relying solely on the facts presented in plaintiff's Complaint, all claims against defendant NYPD must be dismissed.

## ARGUMENT

## POINT I

### PLAINTIFF'S CLAIMS AGAINST THE NYPD SHOULD BE DISMISSED BECAUSE IT IS A NON-SUABLE ENTITY.[1]

Plaintiff's claims against the NYPD should be dismissed because it is a non-suable entity. The NYPD is an agency of the City of New York. As such, it lacks independent legal existence. The New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New

---

[1] To the extent this Court construes plaintiff's Complaint to assert claims against the City of New York, rather than the NYPD, plaintiff's claims must be dismissed because a municipality cannot be held liable pursuant to 42 U.S.C. § 1983 merely on a theory of *respondeat superior*. Hayes v. O'Connor, 03 Civ. 1371 (SHS), 2004 U.S. Dist. LEXIS 20640, at *16 (S.D.N.Y. Oct. 14, 2004), citing Bd. Of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 400 (1997); Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004); Dove v. Fordham Univ., 56 F. Supp. 2d 330, 336 (S.D.N.Y. 1999). Rather, a plaintiff must show that his injury resulted from an agency policy or practice. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). In the instant case, plaintiff does not allege that his injuries were a result of a citywide policy or practice. Therefore, to the extent this Court construes plaintiff's Complaint to assert claims against the City of New York, rather than the NYPD, plaintiff's claims must be dismissed.

York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, Chapter 16, § 396. In accordance with that provision, it is well settled that the NYPD is a non-suable entity. Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997); Baily v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996); Rossi v. New York City Police Dep't, 94 Civ. 5113 (JFK), 1998 U.S. Dist. LEXIS 1717, at *14-15 (S.D.N.Y. Feb. 17, 1998). As the Rossi court concluded, "the New York City Police Department is an organizational subdivision of the City of New York, lacking independent legal existence and as such is not a suable entity." Id. Accordingly, any claim against the NYPD should be dismissed.

## POINT II

### PLAINTIFF FAILS TO STATE A CLAIM THAT THE NYPD VIOLATED HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS.

Read liberally, plaintiff's Complaint appears to allege that defendant NYPD violated his Fourteenth Amendment right to due process. See Compl. generally. However, plaintiff's claim against the NYPD must be dismissed because plaintiff does not assert a recognized claim that can be brought pursuant to 42 U.S.C. § 1983. This action was brought by plaintiff to remedy an allegedly procedurally deficient forfeiture by the DEA, not to remedy a Fourteenth Amendment violation by the NYPD. Plaintiff alleges that One Hundred Twenty-Three Thousand Five Hundred Sixty Five Dollars ($123,565.00) in United States Currency, belonging to him, was seized and administratively forfeited by the DEA. See Compl. at ¶¶ 3, 4, 5. Further, plaintiff alleges that the forfeiture must be reversed and the money must be returned to plaintiff by the DEA because plaintiff was not provided proper notice that the DEA intended to forfeit his property. Id. at 7. Additionally, plaintiff's alleges that the federal government, not the NYPD, is presently in possession of the currency. Plaintiff claims that the federal government forfeited the

6

currency through administrative forfeiture proceedings without providing proper notice to plaintiff. Accordingly, plaintiff does not claim that the NYPD had any involvement in the forfeiture proceeding.

Additionally, this action cannot properly be construed as a claim brought pursuant to 42 U.S.C. § 1983 for damages arising from the intentional deprivation of property without due process of law because plaintiff's cause of action more closely resembles the judicially created cause of action to remedy a procedurally deficient forfeiture by the Federal government. See Polanco v. U.S. Drug Enforcement Agency, 158 F.3d 647, 649 (2d Cir. 1998), citing Boero v. Drug Enforcement Admin., 111 F.3d 301 (2d Cir. 1997); Weng v. United States, 137 F.3d 709 (2d Cir. 1998). The facts in Polanco closely parallel the facts in the instant case. In Polanco, plaintiff alleged that New York State Troopers illegally seized his money and then transferred the money to the DEA for forfeiture. The plaintiff in Polanco claimed that his due process rights were violated because plaintiff was allegedly not provided proper notice by the DEA before the money was forfeited. In Polanco, the Second Circuit held (1) that plaintiff improperly brought the action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); and (2) that the claims should have been brought as an action for a procedurally deficient forfeiture. Similarly, in the instant case plaintiff improperly brought this action against defendant NYPD pursuant to 42 U.S.C. § 1983 instead of simply bringing an action for a procedurally deficient forfeiture against the DEA. See Boero v. Drug Enforcement Admin., 111 F.3d 301 (2d Cir. 1997).

Although plaintiff in the instant case seeks a sum of money, the remedy he seeks is to correct a procedural deficiency by vacating the administrative forfeiture and requiring the DEA to either (1) return the money or (2) commence a new forfeiture proceeding that complies

with agency procedure and due process of law. See Polanco v. U.S. Drug Enforcement Agency, 158 F.3d 647, 652 (2d Cir. 1998).  This relief is equitable in nature, notwithstanding the fact that the property at issue is currency.  Id., citing Bowen v. Massachusetts, 487 U.S. 879, 893 (1988) (defining equitable remedy in part as an action for specific relief "which may include and order providing for … the recovery of specific property or monies"); Crocker v. United States, 125 F.3d 1475, 1477 (Fed. Cir. 1997) (claim seeking "the recovery of identified property and monies [is] an action that is equitable in nature and sharply distinguishable at law for damages"); Marshall Leasing, Inc. v. United States, 893 F.2d 1096, 1099 (9th Cir. 1990) ("Return of forfeited property is an equitable remedy.").  Because plaintiff's claim is equitable in nature, it should be addressed through the judicially created cause of action to remedy forfeiture, rather than in an action brought pursuant to Bivens or § 1983.

It is true that plaintiff's forfeiture claim, like a claim under § 1983 or Bivens, is intended to redress the violation of constitutional rights.  However, the forfeiture claim remedies one specific type of constitutional violation (the forfeiture of one's property without due process of law), while § 1983 and Bivens protect a broad spectrum of constitutional rights. Polanco v. U.S. Drug Enforcement Agency, 158 F.3d 647, 653 (2d Cir. 1998). Plaintiff's forfeiture claim is intended to remedy the forfeiture of his property without the due process of law. Id. Causes of action established by 42 U.S.C. § 1983, by contrast are punitive in nature, because they are intended to prevent intentional violations of the Constitution. Id. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).  Here, the relief available to plaintiff, differs from that sought in § 1983 cases: plaintiff seeks a new administrative or judicial proceeding based on a prior deviation from

8

policy, not money damages or an injunction against the continuation of an allegedly unconstitutional governmental practice. Id.

For these reasons, plaintiff's claim differs significantly from suits brought under § 1983 in terms of the interests being protected and the relief which may be granted. Id. at 654. The proper claim in the instant case is a forfeiture claim against the DEA, not a § 1983 against the NYPD. According to plaintiff's Complaint, the NYPD had absolutely no involvement in the forfeiture proceedings. Plaintiff alleges that the NYPD's involvement in the underlying incident consisted of seizing the property and transferring the property to the DEA.[2] Plaintiff does not make any allegations in his complaint that the NYPD violated his Fourteenth Amendment Rights, nor does plaintiff properly plead any claims pursuant to 42 U.S.C. § 1983. Therefore, plaintiff's claims against the NYPD must be dismissed.

---

[2] Plaintiff does not allege that he was entitled to due process prior to the NYPD's transfer of the property to the DEA. It is well settled that "where property declared by a federal statute to be forfeited because used in violation of federal law is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized." United States v. One Ford Coupe Auto., 272 U.S. 321, 325 (U.S. 1926); see also United States v. Eight Boxes, etc., 105 F.2d 896 (2d Cir. 1939); Dodge v. United States, 272 U.S. 530, 532 (U.S. 1926); United States v. $ 490,920 in United States Currency, 911 F. Supp. 720, 727 (S.D.N.Y. 1996). In the instant case, the NYPD transferred the property in question to the DEA and the federal government adopted the seizure with the same effect as if it had been adopted by one with authority to do so. The transfer of the funds from the NYPD to the DEA was not in violation of the United States Constitution. Plaintiff's complaint alleges that the federal government and not the NYPD is in possession of the currency. Moreover, the DEA alone forfeited the currency through administrative forfeiture proceedings. Accordingly, plaintiff's claims against the NYPD should be dismissed, as the NYPD had no involvement in the forfeiture proceeding.

## POINT III

### SANCTIONS ARE APPROPRIATE PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1927, AND THE DISTRICT COURT'S INHERENT POWER

Should the Court grant defendant NYPD's underlying motion to dismiss, defendant NYPD respectfully requests the Court's permission to move for sanctions and costs pursuant to (1) Rule 11 of the Federal Rules of Civil Procedure; (2) 28 U.S.C. § 1927; and (3) the District Court's inherent power. Defendant makes this request because it appears that plaintiff failed to conduct a reasonable inquiry concerning the allegations in the complaint prior to filing this action and proceeded with claims that have no chance of success under the controlling case-law.

### A.     Plaintiff's Counsel Should Be Sanctioned Pursuant to Rule 11 of the Federal Rules of Civil Procedure

A pleading, motion, or other paper violates Rule 11 when it has been interposed for an improper purpose, or where, after a reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading was well grounded in fact or warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. See United States v. International Bhd. of Teamsters, 948 F.2d 1338, 1344 (2d Cir. 1991). A Rule 11 violation must be based on a signed pleading, motion, or other paper. International Bhd. of Teamsters, 948 F.2d at 1346. A pleading violates Rule 11 if it is frivolous or lacking in legal or factual foundation. Wechsler v. Hunt Health Sys., 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002). Courts apply an objective standard of reasonableness and consider what was known to the attorney at the time of filing. Margo v. Weiss, 213 F.3d 55, 64-65 (2d Cir. 2000); International Bhd. of Teamsters, 948 F.2d at 1344; Safe-Strap v. Koala Corp., 270 F. Supp. 2d 407, 417 (S.D.N.Y. 2003).

Rule 11 was intended to deter abusive tactics by creating an affirmative obligation to conduct a reasonable investigation into the factual and legal bases for claims before bringing suit. See Fed. R. Civ. P. 11(c)(1)(A); Safe-Strap, 270 F. Supp. 2d at 417; MAI Photo News Agency v. American Broadcasting, No. 97 Civ. 8908 (WK), 2001 U.S. Dist. LEXIS 1680 at *20-21 (S.D.N.Y. Feb. 22, 2001). An attorney cannot limit inquiry to representations by her client where it is reasonable to undertake an independent investigation. See, e.g., Saltz v. City of New York, 129 F. Supp. 2d 642, 646 (S.D.N.Y. 2001). A district court must impose sanctions if Rule 11 has been violated. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990). Sanctions may reflect the need to reimburse a party against whom offending papers have been interposed or may be fashioned to deter future abuses. International Bhd. of Teamsters, 948 F.2d at 1344. Responsibility for a Rule 11(b)(2) violation is properly placed on a party's attorney. See Fed. R. Civ. P. 11(c)(2) (authorizing monetary sanctions against counsel); Simon DeBartolo Group v. Richard E. Jacobs Group, 186 F.3d 157, 166 (2d Cir. 1999).

In the instant case, the operative document for Rule 11 purposes is plaintiff's complaint, which was signed by Karen L. Mayer, Esq., and filed with the Court on or about October 24, 2007. See Compl., annexed to Hazan's Decl. as Exhibit "A." For the reasons set forth supra in Points I to II, Ms. Mayer violated Rule 11(b)(2) when she advanced claims in the complaint that lacked support under the controlling case-law and circumstances. Accordingly, a reasonable attorney would not have brought this action. Under these circumstances, it was objectively unreasonable at the time of the filing for Ms. Mayer to sign the complaint. Had she investigated the legal precedent, she would have known that plaintiff's claims against defendant NYPD were not viable. Ms. Mayer's failure to investigate the legal basis of the complaint against defendant NYPD before filing suit resulted in the imposition of unnecessary litigation

11

costs on defendant. Moreover, Ms. Mayer's conduct since filing this lawsuit underscores that she did not investigate the case law governing the instant action. Defendants sent Ms. Mayer a letter, dated February 7, 2008 giving counsel the opportunity to provide defendant with a legal basis for proceeding with this action or an opportunity to withdraw plaintiff's claims. However, Ms. Mayer did not provide defendants with a legal basis for proceeding with plaintiff's claims against NYPD. Rather, in a conclusory fashion Ms. Mayer stated that she believed plaintiff had viable Fourteenth Amendment claims against defendant NYPD. Now defendant NYPD must incur the burden and expense of filing a formal motion to dismiss plaintiff's claims. Consequently, it appears that Ms. Mayer has abused the judicial process wholly apart from the question of the merits of plaintiff's claims, and, accordingly, she should be sanctioned pursuant to Fed. R. Civ. P. 11.

**B.**    **Plaintiff's Counsel Should Be Sanctioned for the Independent Reasons Contemplated by 28 U.S.C. § 1927**

Pursuant to 28 U.S.C. § 1927, "any attorney or other person admitted to conduct cases in any court of the United States. . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." See also Stewart Park & Reserve Coalition v. Slater, 352 F.3d 545, 561 (2d Cir. 2003). This statute authorizes a district court to impose sanctions where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska Pipeline Serv. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975). In assessing violations of § 1927, courts focus on a course of conduct rather than a pleading, motion, or other paper. International Bhd. of Teamsters, 948 F.2d at 1346. Section 1927 applies in particular to a "continuing course of conduct, and imposes a continuing obligation on attorneys to avoid dilatory tactics." International Bhd. of Teamsters, 948 F.2d at

1346. Section 1927 centers on a showing of subjective bad faith. <u>International Bhd. of Teamsters</u>, 948 F.2d at 1346.

Sanctions are appropriate where, as here, counsel has unreasonably and vexatiously "multiplied" the proceedings. Defendant's "safe harbor" letter, dated February 7, 2008, provided Ms. Mayer with notice that, based upon clearly established case-law, plaintiff could not succeed with his claims against defendant NYPD. Plaintiff's counsel simply never attempted to address in good faith any of the issues that defendant raised in the "safe harbor" letter. Accordingly, counsel's subjective bad faith is evident from her failure to respond to defendant's Rule 11 letter. For the reasons set forth <u>supra</u> in Points I to II, sanctions are appropriate against plaintiff's counsel pursuant to § 1927, for multiplying the proceedings unreasonably, by causing defendant to bear unnecessary costs of this lawsuit and by advancing claims that could not have been brought in good faith.

**C.     <u>Plaintiff's Counsel Should be Sanctioned Pursuant to the District Court's Inherent Power</u>**

A district court is authorized under its inherent power to manage its affairs "so as to achieve the orderly and expeditious disposition of cases" and, where appropriate, to "assess costs and attorneys' fees against either the client or his attorney where a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" <u>International Bhd. of Teamsters</u>, 948 F.2d at 1345 (quoting <u>Alyeska Pipeline Serv.</u>, 421 U.S. at 258-59); <u>see also</u> <u>Chambers v. NASCO</u>, 501 U.S. 32, 45-46 (1991). Sanctions imposed pursuant to a court's equitable power turns on the party's conduct during the litigation rather than on the ultimate disposition of the case. <u>Chambers</u>, 501 U.S. at 53.

Ms. Mayer's disregard for the resources of the Courts and defendant NYPD calls for an award of defendant's reasonable attorneys' fees, expenses, and costs so as to compensate

2c2654998d88afbc

defendant NYPD and to deter similar conduct in the future. Ms. Mayer's refusal to respond to defendant's "safe harbor" letter is clear evidence of her bad faith in pursuing this action. <u>See International Bhd. of Teamsters</u>, 948 F.2d at 1344. Accordingly, defendant NYPD requests permission to move for plaintiff's counsel to pay defendant NYPD's reasonable attorneys' fees, expense, and costs incurred in defending this action.

**CONCLUSION**

For the foregoing reasons, Defendant New York City Police Department respectfully requests that the Court dismiss the complaint as against it in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated:        New York, New York
              February 19, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        Attorney for Defendant New York City Police
                        Department
                        100 Church Street
                        New York, New York 10007
                        (212) 788-8084

              By:      _David M. Hazan_____
                        David M. Hazan (DH 8611)
                        Assistant Corporation Counsel

14
