**RUSSELL & PASTORE, LLC**
ATTORNEYS-AT-LAW

(203) 661-4200

SALLY RUSSELL*
JAMES PASTORE
KAREN L. MAYER*
ROSS M. KAUFMAN**

of counsel:
HAROLD H. DEAN

* MEMBER CONNECTICUT AND NEW YORK BAR
** MEMBER CONNECTICUT AND NEW JERSEY BAR

FIELD POINT ROAD
P.O. BOX 1437
GREENWICH, CT 06836

FAX
(203) 661-3666

RECEIVED FEB 29 2008
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

February 26, 2008

**VIA FACSIMILE (212)-805-7901**

The Honorable Harold Baer
United States District Judge
Daniel Patrick Moynihan
500 Pearl Street, Room 2230
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-6-08

Re: Gustavo Bermudez v. City of New York Police Department, et al.
Docket No.: 1:07-cv-9537 (HB)

Dear Judge Baer:

This letter shall confirm that we have scheduled a hearing pursuant to 18 U.S.C. §983(e), Motion to Set Aside Forfeiture for April 1, 2008 at 2:00 p.m.

Meanwhile, plaintiff has been served with a Motion to Dismiss by both defendants, Drug Enforcement Agency (DEA) and City of New York Police Department (NYPD). I respectfully request that plaintiff be afforded an enlargement of time to respond to defendants' Motion to Dismiss because of my strict discovery schedule in the matter of Session v. Rodriguez, et al., Docket No. 3:06-cv-00943 between now and March 26, 2008 in the U.S. District of Connecticut. I am the only civil litigator in a small law firm of three attorneys.

In addition, defendant NYPD has requested the Court order sanctions and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that "plaintiff failed to conduct a reasonable inquiry concerning the allegations in the complaint and proceeded with claims that have no chance of success under the controlling case law." Contrary to defendant NYPD's making such a conclusary statement, the plaintiff did in fact make a reasonable inquiry and expects to obtain several affidavits from plaintiff's witnesses, including a former NYPD detective and a current judge.

Our objection to DEA's motion was due on February 27, 2008 and objection to NYPD's motion is due on March 4. We have discussed the scheduling problems above with counsel, who also share a similarly tight schedule.

There is no objection to our request for an enlargement of time, however, attorney David Hazen has requested our brief against the NYPD be filed prior to the §983(e) Hearing (defendant NYPD need not participate in the hearing).

Accordingly, we are respectfully requesting that the Court grant our request for an enlargement of the plaintiff's time to respond to NYPD's Motion to Dismiss until March 28 and DEA's motion until April 15.

Respectfully Submitted,

Karen L. Mayer
Federal Juris No. KM

KLM/sr

cc: David M. Hazan, Esq.
 Philip S. Frank, Esq.
 Sharon E. Frase, Esq.

*[Handwritten note from judge]: I'm a little more busy than the schedule you just discussed in Conn. as to why is your strict schedule. I have a schedule here. Nevertheless I will be on trial March 10. My own and will be for much of April for either stick to the schedule or it will be a long time — but I can't fit you in til April or if you are not ready when call us on an open moment.*

SO ORDERED:

Harold Baer, Jr., U.S.D.J.
Date: 3/5/08

I'm a little unclear as to why your "strict discovery schedule" is stricter in Connecticut than the schedule here. Nonetheless I have a schedule of my own and will be on trial or, scheduled to be for much of April so either stick to the schedule or be surprised. But it will be a long time if I can't fit you in in mid-April or if you are not ready when I call with an open moment.