UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

x--------------------------------x

GUSTAVO BERMUDEZ,

       PLAINTIFF,          07 CIV. 9537 (HB)

VS.

CITY OF NEW YORK POLICE
DEPARTMENT AND THE UNITED
STATES DRUG ENFORCEMENT
ADMINISTRATION,

       DEFENDANTS.

x--------------------------------x

## AFFIDAVIT OF JENNIFER SOFFAYER

I, Jennifer Soffayer, having been duly sworn, depose and state:

1. I am over the age of 18 years and understand the obligation of an oath.

2. I am a former administrative assistant for the law offices of Philip Russell, LLC and Russell & Pastore, LLC.

3. On October 25, 2006, I contacted the New York Police Department Bronx 50th Precinct to inquire into the whereabouts of certain funds that had been seized by the New York Police Department, specifically by Sgt. Crawley.

4. I was informed that Sgt. Crawley was a member of a special street crime unit and that he could be reached at 718-796-3867.

1

5. I attempted to contact Sgt. Crawley at the aforementioned number. I was informed that Sgt. Crawley could not be reached at that number and that I might attempt to contact the Special Crime Unit in Manhattan at 212-293-3666.

6. I unsuccessfully attempted to reach Sgt. Crawley at the Special Crime Unit in Manhattan.

7. I then contacted the Bronx 50th Precinct again at which point I was informed to contact New York Police Department Headquarters at 1 Police Plaza and to speak with the Property Clerk of the Bronx 50th Precinct.

8. Upon speaking with the Bronx 50th Precinct Property Clerk I was informed that I would need a voucher and/or invoice number and provide proof of earnings before a check for the seized funds would be issued.

9. The invoice and/or voucher form provided had no invoice number on it.

10. On March 9, 2007 I had a conference call with Investigator John McNicholas and a Captain Miller of the New York Police Department.

11. During that call Captain Miller informed that the seized funds had been taken by the Drug Enforcement Administration.

12. Captain Miller also indicated that the invoice used in connection with this seizure was "improvised".

13. Captain Miller also indicated that a rough count of the money had been undertaken at the time of seizure and that a receipt was given at that time.

14. Captain Miller then provided the DEA case number, file number, contact information for the Forfeiture Unit.

15. Captain Miller then indicated that he believed Forfeiture Proceedings would begin.

16. Captain Miller concluded by indicating that he would provide a copy by facsimile of the deposit slip as well as the receipt for the seized funds.

THE AFFIANT

_____
Jennifer Soffayer

Subscribed and sworn to before me
this 24 day of March, 2008.

_____
Notary Public
My Commission expires:

My Commission Expires
Nov. 30, 2011